# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

PETER C. TAYLOR,

        Petitioner,               Case Number: 06-CV-10175

v.                                     HON. GEORGE CARAM STEEH

KENNETH T. MCKEE,

        Defendant.
_____/

## OPINION AND ORDER DENYING CERTIFICATE OF APPEALABILITY AND GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS* ON APPEAL

Petitioner Peter C. Taylor filed a *pro se* petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. On November 20, 2007, the Court issued an Opinion and Order Denying Petition for Writ of Habeas Corpus. Petitioner has filed a Notice of Appeal. Thus, the Court must determine whether Petitioner is entitled to a certificate of appealability (COA). *See Castro v. United States*, 310 F.3d 900, 901-02 (6th Cir. 2002) (holding that "a district judge must issue or deny a COA if an applicant files a notice of appeal" without awaiting the filing of an application for a certificate of appealability). Also before the Court is Petitioner's Motion to Proceed *In Forma Pauperis* on Appeal.

Before Petitioner can appeal the Court's decision, a Certificate of Appealablity (COA) under 28 U.S.C. § § 2254(c)(1)(A) and Fed. R. App. P. 22(b) must issue. When a habeas applicant seeks permission to initiate appellate review of the dismissal of a petition, a federal court should limit its examination to a threshold inquiry into the underlying merit of his claims. Miller-El v. Cockrell, 537 U.S. 322, 336-37 (2003). A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

The substantial showing threshold is satisfied when a petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Petitioner presented seven claims for habeas corpus relief. The Court held that Petitioner's first, second, third, sixth and seventh claims were procedurally defaulted. Petitioner asserted ineffective assistance of counsel to excuse his procedural default. Applying the standards articulated in Strickland v. Washington, 466 U.S. 668 (1984), and Jones v. Barnes, 463 U.S. 745, 754 (1983), the Court held that Petitioner failed to establish ineffective assistance of counsel.

In his fourth claim for habeas corpus relief, Petitioner argued that insufficient evidence was presented to support his convictions on both counts of felonious assault. The Michigan Court of Appeals held that the physical and testimonial evidence supported the findings of guilt. This Court held that the state court's resolution of Petitioner's sufficiency of the evidence claim was neither contrary to nor or an unreasonable application of clearly established federal law.

Petitioner also argued that his trial counsel was ineffective in failing to secure and call a *res gestae* witness, Bonnie Hayes. The Michigan Court of Appeals held that counsel was not deficient in failing to arrange for the presence of Hayes. The state court held that the decision not to call Hayes was one of sound trial strategy, and that counsel's failure to secure Hayes' testimony did not prejudice Petitioner's defense. Given the strength of the evidence against Petitioner and that Hayes' view of the altercation was from a considerable distance, the Court held that the state court's decision that Petitioner was not prejudiced by Hayes' absence was not contrary to or an unreasonable application of Strickland.

The Court finds that jurists of reason would not find its assessment of the foregoing claims to be debatable or wrong. Therefore, the Court shall decline to issue a certificate of appealability.

Petitioner has filed a Motion to Proceed *In Forma Pauperis* on Appeal. Federal Rule of Appellate Procedure 24(a)(1) provides that a party to a district-court action who desires to appeal *in forma pauperis* must file a motion in the district court. An appeal may not be taken *in forma pauperis* if the court determines that it is not taken in good faith. 28 U.S.C. § 1915(a)(3). "[T]he standard governing the issuance of a certificate of appealability is more demanding than the standard for determining whether an appeal is in good faith." U.S. v. Cahill-Masching, 2002 WL 15701, * 3 (N.D. Ill. Jan. 4, 2002). "[T]o determine that an appeal is in good faith, a court need only find that a reasonable person could suppose that the appeal has some merit." Walker v. O'Brien, 216 F.3d 626, 631 (7th Cir. 2000). While the Court has held that jurists of reason would not find the Court's assessment of the claims presented in Petitioner's habeas corpus petition to be debatable or wrong, the Court finds that an appeal may be taken in good faith. The Court, therefore, shall grant the Motion for Leave to Proceed On Appeal *In Forma Pauperis*.

Accordingly, **IT IS ORDERED** that Petitioner's Motion for Certificate of Appealability is **DENIED**.

**IT IS FURTHERED ORDERED** that Petitioner's Motion to Proceed *In Forma Pauperis* on Appeal is **GRANTED.**

**Dated: January 9, 2008**

                                            **S/George Caram Steeh**
                                            **GEORGE CARAM STEEH**
                                            **UNITED STATES DISTRICT JUDGE**

**CERTIFICATE OF SERVICE**

**Copies of this Order were served upon attorneys of record on January 9, 2008, by electronic and/or ordinary mail.**

**S/Josephine Chaffee**
**Deputy Clerk**